### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Christopher Witham,                                        Case No. 23-CV-1563 (ECT/JFD)

                Plaintiff,

v.                                                                              **ORDER**

 The Hershey Company,

                Defendant.

---

This lawsuit involves Plaintiff Christopher Witham's discrimination claims against his former employer, Defendant The Hershey Company, resulting from the company's termination of his employment after it denied his request for a religious exemption from its COVID-19 vaccine mandate. Before the Court are the parties' cross-motions to compel discovery (Dkt. Nos. 44, 50). The Court held a hearing on these motions on August 28, 2024, and now grants in part and denies in part the motions for the reasons set forth below.

## I.      Background

Mr. Witham was employed by Hershey for more than 11 years before his termination on January 21, 2022. (Dkt. No. 24 at 2.) At the time of his dismissal, Mr. Witham held the position of Omnichannel Integration Lead, a role to which he had been promoted in June 2021. (*Id.*) When the COVID-19 pandemic hit, Hershey instructed many of its employees, including Mr. Witham, to work remotely from home. (*Id.*) In 2020 and for most of 2021, Mr. Witham worked from his residence in Hennepin County,

1

Minnesota, but later moved to Polk County, Wisconsin, where he continued to work until his termination. (*Id.*)

In August 2021, Hershey implemented a COVID-19 vaccination mandate for employees in its Corporate Department, which included Mr. Witham. (*Id.*) The mandate required the employees to receive one of the three vaccines available in the United States: Johnson & Johnson, Moderna, or Pfizer. (*Id.* at 2–3.) These employees were expected to be fully vaccinated by October 4, 2021, unless they were granted a religious or medical exemption. (*Id.* at 3.) Non-vaccinated employees without religious or medical exemptions were subject to termination. (*Id.*)

Mr. Witham sought a religious exemption from the vaccination mandate in September 2021. (*Id.*) Under the section that required him to "describe the religious belief or practice that necessitates this request for accommodation," Mr. Witham stated as follows:

> I am a Roman Catholic Christian, and the Roman Catholic Church teaches that a person may be required to refuse a medical intervention, including a vaccination, if his or her informed conscience comes to this sure judgment. While the Catholic Church does not prohibit the use of any vaccine, and generally encourages the use of safe and effective vaccines as a way of safeguarding personal and public health, the following authoritative Church teachings demonstrate the principled religious basis on which a Catholic may determine that he or she ought to refuse certain vaccines:
> - Vaccination is not morally obligatory in principle and so must be voluntary.
> - There is a general moral duty to refuse the use of medical products, including certain vaccines, that are produced using human cells lines derived from direct abortions. It is permissible to use such

vaccines only under certain case-specific conditions, based on a
judgment of conscience.
- A person's informed judgments about the proportionality of
medical interventions are to be respected unless they contradict
authoritative Catholic moral teachings.
- A person is morally required to obey his or her sure conscience,
even if it errs.

(Dkt. No. 1-2 at 1 (footnotes omitted).) As an alternative to vaccination, Mr. Witham

proposed measures such as periodic testing, self-monitoring, and using personal protective

equipment. (Dkt. No. 24 at 3.)

Hershey denied Mr. Witham's request for an exemption. (*Id.*) In its response,

Hershey explained:

> We cannot provide a requested accommodation when it would create an
> undue hardship. One of the ways that a request can pose an undue
> hardship is when the proposed accommodation poses a health risk to the
> individual or others. With respect to your specific request—to not get
> vaccinated and still perform or be required to perform in-person work—
> we have concluded that there is no accommodation available that would
> enable you to continue to perform the essential functions of your job
> without imposing undue hardship or risking the business partners, other
> individuals working on or visiting our premises, and members of the
> public. This is particularly true as your role requires you to work in close
> contact with other individuals.

(*Id.* at 3–4.) Mr. Witham's employment was terminated in January 2022 due to his refusal

to comply with the vaccine mandate. (*Id.*)

Subsequently, Mr. Witham filed this lawsuit alleging that Hershey's refusal to

accommodate his religious beliefs constituted religious discrimination under Title VII of

the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Minnesota Human Rights Act,

Minn. Stat. § 363A.08. (*See generally* Dkt. No. 1.)

In addition to the claim regarding the denial of his religious exemption, Mr. Witham also believed his termination was influenced by his age, race, and sex as he is a 52-year-old white male. (Dkt. No. 24 at 4.) He alleged that, during a senior leadership meeting in 2020, a Hershey corporate communications director remarked that there were "too many old white guys" at the company and that Hershey's culture was evolving. (*Id.*) Following this meeting, Hershey disclosed that a survey included feedback suggesting that the perspectives of "old, white guy" employees should not be considered while the company pursued greater diversity. (*Id.*)

Thus Mr. Witham's complaint also included, in addition to his claims for failure to accommodate, other claims for: (i) discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (ii) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (iii) race discrimination under Title VII; (iv) sex discrimination under Title VII; and (v) breach of contract under unspecified common law. On Hershey's motion pursuant to Federal Rule of Civil Procedure 12(b), this Court dismissed these claims for failure to state a claim upon which relief may be granted. (*See generally* Dkt. No. 24.) The only remaining claim is for failure to accommodate.

The parties have since sought discovery from one another. At issue on their pending cross-motions to compel are (i) Mr. Witham's discovery into Hershey's implementation and application of the vaccine mandate (*see generally* Dkt. No. 50) and Hershey's requests for communications, social media activity, internet history, and documents relating to

Mr. Witham's views on COVID-19 and COVID-19 vaccines (*see generally* Dkt. No. 44). The Court addresses these issues in turn.

## II.    Legal Standards

Federal Rule of Civil Procedure 26 allows parties in litigation to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, courts consider numerous factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, and importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

If a party believes that an opposing party has failed to respond to discovery, or has served insufficient responses, it may "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A court may compel responses if a party fails to answer an interrogatory propounded under Rule 33 or to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).[1] For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

---

[1]    A court, however, may not compel responses to requests for admission. *See also* Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."). Thus, the Court does not consider the branch of Mr. Witham's motion to compel that pertain to his requests for admissions.

A proper discovery response must either answer the request fully or state with specificity the grounds for objecting to the request. *See* Fed. R. Civ. P. 33(b), 34(b)(2). Objections must be stated with specificity and in relation to specific requests; any ground "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause." *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012). The party seeking discovery bears the initial responsibility for making a threshold showing of relevancy before the production of information is required. *See, e.g.*, *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

## III.   Analysis

### A.   Defendant's Motion to Compel Production of Documents (Dkt. No. 44)

Hershey has sought discovery to assess the nature of Mr. Witham's claimed religious beliefs, including communications, social media activity, internet history, and documents relating to his views on COVID-19 and COVID-19 vaccines. (*See generally* Dkt. No. 46.) Mr. Witham objected to these requests, arguing that they are irrelevant, and overly broad. (*See generally* Dkt. No. 61.)

a.   <u>Relevancy</u>

Hershey asserts that the nature of Mr. Witham's claimed religious beliefs is a fundamental issue in the case and, thus, Hershey is entitled to discovery that probes whether Mr. Witham can prove this critical element of his claim. In resisting the discovery, Mr. Witham argues that he can have a failure-to-accommodate claim even if his objections to the COVID-19 vaccines were not solely religious in nature and that neither Hershey nor

the Court is permitted to probe into the nature of his claimed religious beliefs. The Court cannot accept Mr. Witham's position here.

As the Court has made clear in its opinion on Hershey's motion to dismiss Mr. Witham's complaint: "To establish a prima facie case of religious discrimination under Title VII, a plaintiff eventually must show that he '(1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed the employer of such conflict, and (3) suffered an adverse employment action.'" (Dkt. No. 24 at 6 (quoting *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 575 (8th Cir. 2007)).) This standard leaves no doubt that "a bona fide religious belief" is an essential element of Mr. Witham's claim, one that he will have to prove at trial to recover on his claim. *See id.*; *Tatum v. City of Berkeley*, 408 F.3d 543, 549–50 (8th Cir. 2005) (a plaintiff who "fails to establish a legally sufficient evidentiary basis for the jury reasonably to find just one element of his or her prima facie case" risks an adverse judgment as a matter of law); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (same). Hershey is thus entitled to some discovery bearing on this element—namely Mr. Witham's "bona fide religious belief." *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

Mr. Witham maintains that the discovery at issue is irrelevant because he has already "established a prima facie case of religious discrimination, including that his sincerely held religious beliefs precluded him from taking the Covid-19 vaccine." (Dkt. No. 61 at 4.) Mr. Witham is confusing adequacy of pleading, which allows a claim to go forward against a motion to dismiss, with conclusive proof. And neither in his motion

papers nor at oral argument did Mr. Witham provide the Court with any authority to support the proposition that discovery is irrelevant into matters that a court finds to have been adequately pleaded—a rule that, if generally accepted, would tremendously change litigation in the federal courts. Nor has there yet been any conclusive finding that the bona fide religious belief element of Mr. Witham's case has been proven.

Mr. Witham points the Court to its findings at the motion-to-dismiss stage of the case, including: (i) that "[Mr. Witham] alleges facts plausibly showing religious discrimination in violation of Title VII and the Minnesota Human Rights Act"; (ii) that "[Mr. Witham] alleges facts plausibly showing a prima facie case"; (iii) that the "religious accommodation-request form [Mr. Witham] submitted to Hershey includes multiple references to [Mr. Witham]'s abortion-related objections"; and (iv) that Mr. Witham "notified Hershey of the specific nature of his objections." (Dkt. No. 61 at 5 (quoting Dkt. No. 24 at 1, 7, 8–9).) But these findings pertain to Mr. Witham's meeting the required *pleading* standard, not his burden of proof at trial. *See also, e.g.*, *Blomker v. Jewell*, 831 F.3d 1051, 1056 (2016) (distinguishing the "prima facie model," an evidentiary standard, from the lower "pleading standard" of the Federal Rules of Civil Procedure). The Court cannot convert Mr. Witham's factual pleadings into conclusive findings so as to deny discovery here. *See, e.g.*, *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 597 (N.D. Tex. 2018) (plaintiff cannot resist discovery into a key requirement of his claim "based on his belief that he will prevail, much less on any misapprehension that he already has conclusively prevailed on this element of his claim").

8

Moreover, *even if* the Court were to accept that Mr. Witham has established the elements of his *prima facie* case, Hershey would still be entitled to the discovery as it remains relevant to its "defense" of the case, including, for example, seeking to undermine Mr. Witham's evidence. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (one of the "examples of information that, suitably focused, would be relevant to the parties' claims or defenses" is "information that could be used to impeach a likely witness"). Indeed, Hershey has identified emails sent by Mr. Witham objecting to, or commenting on, the COVID-19 vaccines for non-religious reasons. (Dkt. No. 46 at 7.) Hershey thus maintains that the same type of evidence, which it hopes to uncover by this discovery, would be relevant to undermine Mr. Witham's claim that it is his sincerely held religious beliefs that necessitated his request for exemption for Hershey's COVID-19 vaccine mandate. (*Id.*) The Court agrees that Hershey is entitled to the discovery on this basis.

In short, as a matter of both fact and law, the Court cannot accept the premise that discovery is precluded here just because one party has adequately pleaded their case.

Finally, Mr. Witham takes issue with Hershey's position that it seeks the discovery at issue to determine "whether he has acted consistently in the past." (Dkt. No. 61 at 12 (quoting Dkt. No. 47-1 at 63).) Mr. Witham challenges this basis for the discovery as improper "because the Eighth Circuit has recently reiterated that 'religious beliefs do not need to be acceptable, logical, *consistent*, or comprehensible to others.'" (*Id.* (quoting *Ringhofer v. Mayo Clinic*, 102 F.4th 894, 900 (8th Cir. 2024)) (cleaned up).) But the Eighth Circuit's holding in *Ringhofer* pertains to consistency between a plaintiff's claimed

religious beliefs and those of "other [members]" of the same religion. *See* 102 F.4th at 902

("beliefs do not have to be *uniform across all members of a religion* or 'acceptable, logical,

consistent, or comprehensible *to others*'" (emphasis added)). That is not the same as the

basis on which Hershey bases its discovery.

Hershey's proffered justification for the discovery at issue pertains to the

consistency of Mr. Witham's own beliefs at different points in time, not Mr. Witham's

beliefs as compared to anyone else's beliefs. Hershey is entitled to proportionate discovery

into matters bearing on the nature of Mr. Witham's alleged bona fide religious beliefs in

connection with COVID-19 and COVID-19 vaccines. *See, e.g.*, *EEOC v. Baystate Med.*

*Ctr., Inc.*, No. 16-CV-30086, 2017 WL 4883458, at *4 (D. Mass. Oct. 30, 2017) (allowing

discovery in a similar context because "requested information is relevant to whether or not

[claimant] was observing a religious belief or indulging a personal preference when she

declined the influenza vaccine").

Indeed, even in recent years,[2] courts have generally required that plaintiffs establish

the sincere-belief element of their claims—even though those courts do not enquire into

the consistency of such beliefs as compared to other observers within the same religion.

*See, e.g.*, *Cesare v. PACT MSO, LLC*, -- F. Supp. 3d --, 2024 WL 2823193, at *3–5 (D.

---

[2]   Mr. Witham has highlighted for the Court the United States Supreme Court's recent
decision in *Groff v. DeJoy*, 600 U.S. 447 (2023), which, he contends, "changed the standard
for an employer to establish undue hardship under Title VII, making it significantly more
difficult than the standard used in the past" (Dkt. No. 61 at 8). A review of *Groff* and
subsequent lower courts' decisions applying it makes clear that it has no impact on the
consideration of other elements of a Title VII claim, including the element of sincerely held
religious beliefs.

Conn. June 4, 2024); *Shields v. Main Line Hosps., Inc.*, 700 F. Supp. 3d 265, 269–73 (M.D. Pa. 2003); *Devore v. Univ. of Ky. Bd. of Trs.*, 693 F. Supp. 3d 757, 761–63 (E.D. Ky. 2023).

As these courts have observed, it remains true that, "[t]hough courts should not inquire into validity or plausibility of a belief, courts should decide whether the beliefs are truly held and whether they are religious." *Devore*, 693 F. Supp. 3d at 762–63 (internal citations omitted). More relevant here, *Cesare* considered the issue at the summary-judgment stage and made clear that "[a]ssessing a claimant's sincerity of belief demands a full exposition of facts and the opportunity for the factfinder to observe the claimant's demeanor during direct and cross-examination.'" 2024 WL 2823193, at *3.

In short, as it indicated at oral argument, the Court finds that the discovery at issue is relevant. It thus considers what is proportionate under the circumstances of this case.

> b. <u>Proportionality</u>

Once relevancy is shown, it is the opponent of discovery who bears the burden of demonstrating the disproportionality of the discovery request. *Target Corp. v. Ace Am. Ins. Co.*, 576 F. Supp. 3d 609, 622 (D. Minn. 2021). The party resisting discovery must make a specific showing of reasons why the relevant discovery should not be had. *See Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D. Minn. 2021) ("Routine, boilerplate objections, without more specific explanations for any refusal to provide information, are not consistent with the Federal Rules of Civil Procedure." (Cleaned up.)).

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018). "[A] court can—and must—limit proposed

discovery that it determines is not proportional to the needs of the case." *Id.* Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Accordingly, even relevant discovery may not be permitted where "compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999).

Here, Mr. Witham does not specifically argue that compliance with the discovery would be unduly burdensome. Instead, the focal point of his proportionality argument is that the discovery should be narrowed in scope, but he does not explain how it should be narrowed. (Dkt. No. 61 at 15.) Mr. Witham's brief cites an unpublished opinion from the Fifth Circuit, where "plaintiffs were only asked to provide letters from pastors or third parties attesting to the religious beliefs." (*Id.* (citing *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *1 n.2 (5th Cir. Feb. 17, 2022) (per curiam) (unpublished).) The Court assumes then that Mr. Witham is asking the Court to narrow the discovery at issue to "letters from pastors or third parties attesting to the religious beliefs" as observed in *Sambrano*. But that case does not involve a discovery question. Instead, the *Sambrano* court considered a denial of preliminary injunctive relief in a matter involving a COVID-19 vaccine mandate. 2022 WL 486610, at *1. The court indeed observed, albeit

12

disapprovingly, that, as part of the policy at issue there, "[s]ome employees were asked to provide a letter from a pastor or other third party attesting that the employee actually held religious beliefs." *Id.*; *see also id.* at \*11 (Smith, J., dissenting) ("the majority calls that process a 'bizarre inquisition'"). The Sambrano court never even suggested that the same "inquisition" should be accepted as part of a vaccine mandate, let alone made the standard in failure-to-accommodate litigation. Mr. Witham's reliance on *Sambrano* to limit the discovery is misplaced.

Mr. Witham provides no other basis to limit the discovery at issue. The Court also notes that the parties have made certain arguments regarding the burden in responding to this discovery, but neither has provided the Court with the sufficient, specific information needed to evaluate the onerousness of any such burden. The Court declines to further entertain this inquiry on its own.

Accordingly, the Court grants Hershey's motion to compel as to its Requests for Production Nos. 9, 13, 18 through 23, 26, 31, 32, 46 through 48, and 60. As the Court noted at oral argument, the production to these requests shall include text messages as specifically set forth in the relevant requests—to which Mr. Witham has not made any specific objections in his opposition papers. *See also* Fed. R. Civ. P. 34(a)(1) (expressly permitting discovery of "electronically stored information").

**B.     Mr. Witham's Motion to Compel Further Discovery Responses (Dkt. No. 50)**

Mr. Witham has moved to compel further responses to his discovery requests[3] for three main categories of documents and information relating to (i) Hershey's creation and implementation of its COVID-19 vaccine mandate, including Hershey executives' personal communications relating to the vaccines and mandate, (ii) Hershey's evaluation of other employees' requests for religious accommodation from the mandate, and (iii) the costs of accommodating Mr. Witham's religious beliefs. The Court addresses these categories in turn.

a.     Discovery into Hershey's Creation and Implementation of Its COVID-19 Vaccine Mandate

Mr. Witham seeks discovery into Hershey's creation and implementation of its COVID-19 vaccine mandate so he can evaluate whether the mandate "was discriminatory from the start," *i.e.*, "whether [Hershey] had discriminatory actions and motives toward religious persons and the unvaccinated in the design and implementation of the Vaccine Mandate." (Dkt. No. 52 at 13.)

But Mr. Witham's claim against Hershey for failing to reasonably accommodate his sincerely held religious beliefs—the only remaining claim in this case—"does not turn on the employer's intent or actual motive." *Peebles v. Potter*, 354 F.3d 761, 766–67 (8th Cir. 2004); *accord Lavelle-Hayden v. Legacy Health*, -- F. Supp. 3d --, 2024 WL 3822712, at *7 (D. Or. 2024) ("while an employer's alleged discriminatory motive is relevant to a

---

[3]   As noted above, the Court does not consider the branch of this motion that pertains to requests for admission. *See supra* Note 1.

disparate treatment claim, it is not an element of a failure to accommodate claim"); *see also* Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment (parties in litigation "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings").[4] Mr. Witham has provided no legal authority to the contrary (and, in fact, no legal authority at all on this issue).

Accordingly, the Court finds that Mr. Witham, as the party seeking discovery, has failed to demonstrate its relevancy so as to support his motion to compel. To the extent Hershey's motive behind the COVID-19 vaccine mandate is marginally relevant, the expansive scope of the discovery at issue outweighs its potential benefits. The Court thus denies the motion as to this category of documents and information.

        b.     <u>Discovery into Hershey's Evaluation of Other Employees' Requests for Religious Accommodation from the Mandate</u>

Mr. Witham seeks discovery into Hershey's evaluation of the requests for religious accommodation from its COVID-19 vaccine mandate. This discovery is relevant on its face. *See* Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment (one of the

---

[4]   Hershey's motive, if at all relevant, must pertain to its failure to accommodate, not its implementation of the COVID-19 vaccine mandate in the first place. *See also EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015) ("[Title VII's] disparate-treatment provision prohibits actions taken with the *motive* of avoiding the need for accommodating a religious practice. A request for accommodation, or the employer's certainty that the practice exists, may make it easier to infer motive, but is not a necessary condition of liability."); *Jiminez v. Mary Wash. Coll.*, 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment."). This issue is addressed in the Court's discussion the next category of discovery Mr. Witham seeks.

"examples of information that, suitably focused, would be relevant to the parties' claims or defenses" is "other incidents of the same type").

Hershey resists the discovery on the ground that "[its] decision to grant or deny other employees' religious accommodation requests involves an individualized inquiry of that individual's beliefs and the undue hardship, if any, caused by granting an accommodation request." (Dkt. No. 58 at 14.) This is true; but it does nothing to negate the fact that Hershey's evaluation of similar requests, *i.e.*, "other incidents of the same type," may explain the motive behind its denial of Mr. Witham's request—which is relevant to his claim and Hershey's defense in this case. *See Abercrombie*, 575 U.S. at 774.

The Court agrees with Hershey, however, that Mr. Witham is not entitled to every document relating to the requests made by more than 100 Hershey employees, especially given the privacy expectations of those non-parties. (*See* Dkt. No. 58 at 16.) Such an expansive discovery is overbroad on its face. Accordingly, the Court will narrow this discovery to include only the religious exemption request files for 25 employees who worked in a Hershey function most similar to Mr. Witham's. Hershey shall redact the employees' names and other personally-identifying information from the files. The Court otherwise denies Mr. Witham's motion to compel as to the remainder of this category of information without prejudice. Mr. Witham is free to move to compel further responses or production if he believes additional justifications are revealed upon his review of the discovery.

c.      Discovery into the Costs of Accommodating Mr. Witham's
        Religious Beliefs

In this last category, Mr. Witham seeks discovery into the costs of accommodating his religious beliefs, including the actual costs Hershey incurred in terminating him. He maintains that the discovery goes to the "undue hardship" element at the heart of Hershey's defense. The Court agrees.

As recently clarified by the Supreme Court in *Groff v. DeJoy*, 600 U.S. 447 (2023), an accommodation constitutes an undue hardship when the burden it imposes is "substantial within the overall context of an employer's business." *Id.* at 468. In determining whether a burden is substantial, a court must consider "all relevant factors in the case at hand, including the particular accommodations at issue, and their practical impact in light of the nature, size and operating cost of an employer." *Id.* at 470–71 (cleaned up).

In clarifying the standard, the Court emphasized that certain kinds of costs are irrelevant in evaluating undue hardship. For example, the Court explained that "not all impacts on coworkers are relevant," only "coworker impacts that go on to affect the conduct of the business." *Id.* at 472 (cleaned up). "Following *Groff*, district courts have continued to consider both economic and noneconomic costs when conducting the undue hardship analysis." *Lavelle-Hayden*, 2024 WL 3822712, at *9 (citing cases).

Here, Hershey has not explained how it plans to demonstrate the undue hardship in connection with Mr. Witham's accommodation request or otherwise provided anything to undermine Mr. Witham's proffered justification for the discovery at issue. Accordingly,

the Court grants Mr. Witham's motion to compel as to the discovery relating to the potential costs to Hershey for accommodating his religious beliefs and the actual costs Hershey incurred in terminating him.

## IV.    ORDER

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.    Defendant The Hershey Company's Motion to Compel (Dkt. No. 44) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order; and

2.    Plaintiff Christopher Witham's Motion to Compel (Dkt. No. 50) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order.

Date: September 4, 2024                    *s/ John F. Docherty*
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge