# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

CHRISTOPHER WITHAM,                                Case No. 23-cv-1563 (LMP/JFD)

                Plaintiff,

v.                                                **ORDER OVERRULING
                                                  PLAINTIFF'S OBJECTIONS TO
                                                  MAGISTRATE JUDGE'S ORDER**

THE HERSHEY COMPANY,

                Defendant.

---

On September 4, 2024, United States Magistrate Judge John F. Docherty entered an order, in relevant part, compelling Plaintiff Christopher Witham to produce certain communications in response to written discovery requests served by Defendant Hershey Company ("Hershey").  ECF No. 67.  Months later, amid concerns about the adequacy of Witham's productions, Hershey moved the Court to enforce the order.  ECF No. 78. Magistrate Judge Docherty granted Hershey's request and entered a second order on February 10, 2025, requiring Witham to comply with the first order.  ECF No. 117.  Witham filed objections to the second order and seeks review by the undersigned United States District Judge pursuant to Federal Rule of Civil Procedure 72(a) and this District's Local Rule 72.2(a).  ECF No. 118.  Because Magistrate Judge Docherty carefully examined the discovery issues before him and made appropriate discovery rulings necessary to manage this case, Witham's objections are overruled.

## BACKGROUND[1]

Witham was employed by Hershey until his termination in January 2022 after Hershey denied his request for a religious exemption from its COVID-19 vaccination requirement and Witham subsequently refused to receive a COVID-19 vaccine. ECF No. 117 at 1–3. Witham initiated this lawsuit alleging that Hershey discriminated against him on the basis of his religion and failed to accommodate his religious beliefs in violation of Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act. *Id.* at 3–4; *see also* ECF No. 1 ¶¶ 92–122.

On February 13, 2024, Hershey served requests for production ("RFPs") seeking, among other things, communications relating to Witham's personal, political, and religious beliefs pertaining to COVID-19 and vaccines.[2] ECF No. 67 at 6; *see generally* ECF No. 125-1. Hershey's RFPs define the terms "Document" and "ESI"—that is, "electronically stored information"—to include metadata associated with any electronic files produced in response to Hershey's RFPs. ECF No. 125-1 at 4. The RFPs also include an instruction that documents are to be produced "as single-page TIFF images, accompanied by load files for internal and external metadata" in specific file formats. *Id.* at 2–3. Witham objected to Hershey's RFPs on the basis that they are overbroad and

---

[1]    The factual and procedural background for this matter is more fully set forth in Magistrate Judge Docherty's February 10, 2025 order, *see* ECF No. 117 at 1–5, and is incorporated herein by reference. The Court notes facts relevant to Witham's objections to that order.

[2]    The specific RFPs at issue are RFPs 9, 13, 18–23, 26, 31–32, 46–48, and 60. *See* ECF No. 124 at 3; *see generally* ECF No. 125-1.

irrelevant and, based on those objections, did not produce responsive communications. ECF No. 67 at 6; *see generally* ECF No. 125-2. Witham did not object, however, to the definitions and instructions regarding inclusion of metadata and the form of production. ECF No. 117 at 9; *see generally* ECF No. 125-2.

On August 15, 2024, Hershey filed a motion to compel discovery (the "August 2024 Motion") seeking an order requiring Witham to produce documents and communication in response to Hershey's RFPs. ECF No. 44; *see generally* ECF No. 46. Witham argued that Hershey's RFPs are "breathtakingly broad" and that many of them are "unlimited in time," ECF No. 61 at 1–2, and that they seek irrelevant information because neither Hershey nor the Court is permitted to inquire into the nature of his religious beliefs, *see id.* at 9–14. Witham also argued, in the event the Court was inclined to grant Hershey's motion, that Hershey's RFPs should be limited in scope, though it is unclear precisely how Witham believed the RFPs could be appropriately limited. *See id.* at 14–15. Magistrate Judge Docherty granted Hershey's motion in relevant part and entered an order on September 4, 2024 (the "September 2024 Order"), requiring Witham to produce documents and communications responsive to Hershey's RFPs, effectively overruling Witham's breadth and relevancy objections. *See* ECF No. 67 at 6–13.

Following the September 2024 Order, Witham produced communications that, ostensibly, were responsive to Hershey's RFPs. *See* ECF No. 117 at 7. Hershey, however, was dissatisfied with the quality and volume of Witham's production, *see id.*, and moved for enforcement of the September 2024 Order on December 11, 2024 (the "December 2024 Motion"), ECF No. 78. Hershey contended that Witham's production of text messages

3

"reflects a manual collection of incomplete screenshots of messages identified through limited and unexplained search criteria" and noted that the communications "do not include important metadata and substantive content." ECF No. 80 at 10. Hershey further noted that Witham's production of emails was "almost entirely comprised of hundreds of automated blog subscription emails from the same source" and emails sent between Witham's personal email address and his Hershey email address that Witham "took from Hershey's production and simply reproduced back to Hershey." ECF No. 80 at 11.

Witham argued that he had "fully produced" responsive documents and communications as required by the September 2024 Order. ECF No. 98 at 10–15. Witham again raised his breadth and relevancy objections and further argued that the temporal scope of Hershey's RFPs is impermissibly broad because it would require Witham to produce communications that were created or sent after Hershey terminated his employment. *See id.* at 16–19. Witham also asserted that the September 2024 Order did not require that he produce metadata associated with any electronic communications that he produced. *See id.* at 10–19.

On February 10, 2025, Magistrate Judge Docherty entered an order (the "February 2025 Order") granting Hershey's motion in relevant part. ECF No. 117. Magistrate Judge Docherty agreed with Hershey that "it appears that Mr. Witham developed search terms on his own, entered them into his text messaging application, and took screenshots of the messages he thought were responsive," and explained that "[t]his is a hopelessly inadequate way to search for and produce documents responsive to an RFP in federal court." *Id.* at 9. Magistrate Judge Docherty noted that the text messages Witham produced in response to

the RFPs were "substantially non-compliant with the instructions and definitions in the RFPs" and the September 2024 Order. *Id.* Moreover, Witham had not objected to the RFPs' definitions and instructions that require production of metadata.[3] *Id.* As for Witham's production of email communications, Magistrate Judge Docherty "share[d] Hershey's concerns that additional responsive material may exist and would have been discovered and produced, had Mr. Witham and his attorneys used an accepted and appropriate method of searching his devices for responsive documents." *Id.* at 10. Magistrate Judge Docherty again ordered Witham to "produce all text messages and email communications responsive to the RFPs at issue, including the metadata and other accompanying information required by the RFPs." *Id.* Magistrate Judge Docherty did not order Witham to obtain the services of a discovery vendor, but he warned Witham that "further non-compliance may result in appropriate sanctions and that failure to take all necessary steps—such as engagement of a vendor—may be taken as circumstantial evidence of willful noncompliance." *Id.* Magistrate Judge Docherty did not address Witham's argument relating to the temporal scope of Hershey's RFPs.

Witham filed objections to the February 2025 Order and contends that the Order is contrary to law and that Magistrate Judge Docherty erred by refusing to limit the scope of Hershey's RFPs, again arguing that the RFPs are an improper inquiry into Witham's

---

[3]    Magistrate Judge Docherty noted that his September 2024 Order did not mention the word "metadata." ECF No. 117 at 8. But that is because such explicit mention was unnecessary as the September 2024 Order required Witham to provide adequate responses to Hershey's RFPs and those RFPs "require metadata to be produced." *Id.*

religious beliefs.  ECF No. 118 at 2–4.  Witham also argues that he should not be required to produce metadata associated with his text messages.  *Id.* at 2–4, 7–9.  Witham further takes issue with the fact that the February 2025 Order did not address his argument as to temporal scope.  *Id.* at 4–5.  Witham contends that any requirement to retain a vendor to assist with identifying and producing responsive communications, including associated metadata, would create undue burden and financial hardship on him.  *Id.* at 10–11.  Witham raises additional arguments relating to a letter Hershey sent after the February 2025 Order was issued proposing 116 terms for Witham to use to search for, collect, and produce communications responsive to Hershey's RFPs, ECF No. 125-4, contending that Hershey's demand is disproportionate to the needs of this case, ECF No. 118 at 5–6.

## STANDARD OF REVIEW

A district court's review of a magistrate judge's ruling on a nondispositive matter is "extremely deferential."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citation omitted).  "Where a magistrate judge has carefully examined the proposed discovery, the Court will defer to the magistrate judge's broad discretion . . . to manage and define appropriate discovery unless the magistrate judge's determinations were clearly erroneous or contrary to law."  *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013) (internal quotation marks omitted) (citation omitted); *see also* Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a); 28 U.S.C. § 636(b)(1)(A).  A magistrate judge's order is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed," and is contrary to law when "it either fails to apply or

misapplies pertinent statutes, case law or rules of procedure." *Coons*, 268 F. Supp. 3d at 991 (citations omitted).

## ANALYSIS

As a preliminary matter, Witham raises these objections too late. The bulk of Witham's objections relate to the substance of the September 2024 Order, not the February 2025 Order, and thus are untimely. As relevant here, the February 2025 Order found that Witham had not fully complied with the September 2024 Order and warned that sanctions may be imposed for Witham's continued noncompliance with the Court's discovery orders:

> When this Court orders that discovery be produced by granting a motion to compel, parties must comply with that order. Here, Mr. Witham was required to produce the information in the format Hershey requested in its unobjected-to written request. Mr. Witham did not do that. . . . [T]he Court [] note[s] that further non-compliance may result in appropriate sanctions . . . .

ECF No. 117 at 10. As such, Witham's objections to the February 2025 Order's findings pertaining to the breadth and relevance of Hershey's RFPs, including the requirement to produce metadata associated with any responsive electronic communications, should have been raised within fourteen days of the entry of the September 2024 Order. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy."); D. Minn. L.R. 72.2(a)(1) ("A party may not assign as error a defect in [a magistrate judge's] order not timely objected to."). In effect, the February 2025 Order could be more properly characterized as an enforcement order of the September 2024 Order. As another judge in this District confronting precisely this issue explained:

7

> [A party] will not be allowed to refuse compliance with a discovery order, wait until the court issues an enforcement order, and then object to the enforcement order on the merits of the underlying discovery issue. In other words, [a party] will not be allowed to bootstrap its way into making a timely objection by not directly challenging the order it seeks to alter.

*Holverson v. ThyssenKrupp Elevator Corp.*, No. 12-cv-2765 (ADM/FLN), 2013 WL 6709446, at *2 (D. Minn. Dec. 18, 2013).

Relatedly, Witham noted in his opposition to the August 2024 Motion that he objected to Hershey's RFPs because they are "unlimited in time." ECF No. 61 at 1–2. But Witham did not specifically tie that objection to any concern that it would require him to produce communications that were sent or received after Hershey terminated his employment. *See generally id.* Instead, Witham expressly raised that argument for the first time in response to the December 2024 Motion. *See* ECF No. 98 at 18–19. Accordingly, Witham waived any objection to producing communications post-dating Hershey's termination of his employment because it was not articulated with specificity earlier. *See Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (citations omitted) (holding that the waiver provision in Federal Rule of Civil Procedure 33(b)(4) requiring that timely objections to interrogatories "shall be stated with specificity" is "implied into all rules involving the use of the various discovery mechanisms," including requests for production under Rule 34). And to the extent Witham's argument in response to the December 2024 Motion could be construed as the same argument Witham raised in response to the August 2024 Motion, his objection as to temporal scope is untimely for the reasons already discussed. *See Holverson*, 2013 WL 6709446, at *2.

Setting aside any issues of waiver or timeliness, Witham's argument that communications postdating his termination are irrelevant "presume[s] that [Witham] possess[es] the unilateral ability to dictate the scope of discovery based on [his] own view of the parties' respective theories of the case." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). Witham is incorrect. Federal Rule of Civil Procedure 26(b)(1) establishes that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." As part of his prima facie case of religious discrimination, Witham bears the burden of showing that he has "a bona fide religious belief that conflicts with" Hershey's COVID-19 vaccination requirement. *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 900 (8th Cir. 2024) (citation omitted). Witham's communications relating to whether he has (or had) a "bona fide religious belief" that he could not receive a COVID-19 vaccine to comply with Hershey's requirement are unquestionably relevant to at least that element of Witham's claim of religious discrimination. As the Eighth Circuit has explained:

> [I]t matters not for the purpose of discovery which side's theory of the case might ultimately be proven correct. What matters is that each side is entitled to pursue intelligible theories of the case and [parties] cannot, by their sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into their own theory of the case.

*Sentis Grp.*, 763 F.3d at 926. Magistrate Judge Docherty correctly concluded the same thing. ECF No. 67 at 6–11. Even if Witham has established a prima facie case—which the Court takes no position on here—Hershey still would be entitled to the discovery as it remains relevant to its "defense" of the case. ECF No. 67 at 9.

Moreover, whether such communications postdating Hershey's termination of Witham's employment would be admissible to prove Hershey's liability or lack thereof—as Witham has argued, *see* ECF No. 98 at 18–19—is a separate question from whether they are within the scope of permissible discovery. Even inadmissible communications could yield information like the identities of potential witnesses or the existence of other evidence that *is* admissible. *See Sentis Grp.*, 763 F.3d at 926 (citation omitted) (emphasis added) ("[D]iscovery is a[n] investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and . . . the veracity of those persons and purported evidence, *even if the evidence discovered is later deemed not admissible*."). That is a question for another day. Witham has not shown any error or shortcoming with the scope of discovery Magistrate Judge Docherty has deemed to be responsive and necessary to search for and produce in compliance with his orders. ECF No. 117 at 9. Nor has this Court identified any such error.

The remainder of Witham's objections are that he would be unduly burdened by any requirement to engage an e-discovery vendor to comply with the February 2025 Order, *see* ECF No. 118 at 10–11, and that Hershey's subsequent letter suggesting search terms for Witham to use to identify communications responsive to Hershey's RFPs amounts to a "fishing expedition," *see id.* at 5–10. Neither is availing.

First, contrary to Witham's suggestion otherwise, Magistrate Judge Docherty expressly declined to order Witham to retain an e-discovery vendor, despite Hershey's request for such an order. ECF No. 117 at 7, 10 ("[T]he Court will not order Mr. Witham to obtain the services of a discovery vendor to facilitate production . . . ."). Rather, in light

of Witham's "hopelessly inadequate" methods of searching for responsive communications, his lack of objection regarding the requested form of production,[4] and his noncompliance with the September 2024 Order to date, Magistrate Judge Docherty warned that "failure to take all necessary steps" to comply with the September 2024 Order, such as engaging an e-discovery vendor, "may be taken as circumstantial evidence of willful noncompliance" and could form the basis for potential sanctions. *Id.* at 9–10. Magistrate Judge Docherty simply and appropriately offered engagement of an e-discovery vendor as one potential method of ensuring compliance with the Court's discovery orders, not as the *only* manner by which Witham could demonstrate compliance. While this Court acknowledges that the cost of litigation, including e-discovery, can be significant, Witham initiated this serious civil rights suit and cannot skirt his responsibility to comply with his discovery obligations with vague allegations of undue burden or disproportionate cost.[5] *See Carlson v. Freightliner LLC*, 226 F.R.D. 343, 370 (D. Neb. 2004) ("'Undue burden'

---

[4]    Under Federal Rule of Civil Procedure 34(b)(2)(D), a party "may state an objection to a requested form for producing electronically stored information."

[5]    Witham attached as an exhibit an estimate from an e-discovery vendor, ECF No. 119-3, showing that it would likely cost Witham more than $25,000 "just for vendor time," ECF No. 118 at 11. Witham concedes, however, that "[o]ther bids are less," but did not attach those estimates. ECF No. 119 ¶ 10. Regardless, Witham alleges that Hershey unlawfully denied him "approximately $1,000,000.00 in total compensation" and requests relief in the form of "front pay, back pay, emotional distress damages, compensatory damages, punitive damages, and attorney fees." ECF No. 1 ¶¶ 88–89, 110. Consistent with Magistrate Judge Docherty's discovery rulings, Hershey is entitled to defend itself by seeking discovery of communications that are unquestionably relevant to Witham's claims. *See Aquastar Pool Prods. Inc. v. Paramount Pool & Spa Sys.*, No. 19-cv-257-PHX-DWL, 2019 WL 250429, at *3 (D. Ariz. Jan. 17, 2019) (holding that when "millions are at stake," the test for undue burden "cuts in [the discovery proponent's] favor because it has a need for the documents").

provides no justification when the objection was previously unsuccessfully raised in response to a motion to compel and the [party] has been ordered to answer."). Importantly, guided by Magistrate Judge Docherty, the discovery process will allow both parties to obtain the information relevant to their cases, to evaluate strengths and weaknesses, and to prepare for trial or to ultimately settle the case.

Second, Hershey's letter was sent after the February 2025 Order was entered and was not before Magistrate Judge Docherty when he considered Hershey's motion.[6] As such, Witham's claims of undue burden or disproportionate cost as it relates to using Hershey's proposed search terms, including any costs associated with engaging an e-discovery vendor, are beyond the scope of the Court's review of the February 2025 Order. *See Williams v. Mississippi*, No. 23-cv-86 (WMW/DJF), 2023 WL 3558157, at *1 (D. Minn. May 18, 2023) (citation omitted) ("[T]he Court does not consider new evidence that was not submitted to the magistrate judge for consideration."), *aff'd*, No. 23-2676, 2023 WL 9286062 (8th Cir. Sept. 12, 2023). While there is nothing for the Court to review as it relates to Hershey's proposed search terms, the Court is optimistic that with the framework provided in Magistrate Judge Docherty's September 2024 Order and February 2025 Order, discovery will proceed without the need for further intervention of the Court.

Having reviewed the extensive record in this case, the February 2025 Order and Witham's objections thereto, and the September 2024 Order, the Court finds the February

---

[6]    Furthermore, as Hershey notes, Witham did not respond to Hershey's letter or otherwise make any effort to confer with Hershey regarding the proposed search terms prior to filing his objections to the February 2025 Order. ECF No. 125 ¶¶ 11–12.

2025 Order is neither clearly erroneous nor contrary to law.  Accordingly, Witham's objections to the February 2025 Order are overruled, and the February 2025 Order is affirmed.  Witham must comply with the Court's discovery orders, and he would be well served to do so.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.     Witham's objections to the February 2025 Order (ECF No. 118) are **OVERRULED**; and

2.     The February 2025 Order (ECF No. 117) is **AFFIRMED** in its entirety.


Dated: March 18, 2025                          *s/Laura M. Provinzino*
                                               _____
                                               Laura M. Provinzino
                                               United States District Judge

13